The Honorable Benjamin A. Settle

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON, AT TACOMA

| | |
|---|---|
| LONNIE ENGEL, an individual,<br><br>Plaintiff,<br><br>v.<br><br>FIRST AMERICAN TITLE INSURANCE COMPANY, etc., et al,<br><br>Defendants. | No.: C09-5140-BHS<br><br>DEFENDANT NATIONSTAR MORTGAGE, LLC'S MOTION IN LIMINE TO PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>NOTE ON MOTION CALENDAR:<br>October 1, 2010 |

Defendant NATIONSTAR MORTGAGE, LLC, d.b.a. Champion Mortgage Company, ("Nationstar") hereby moves the Court for an Order excluding Plaintiff's evidence from trial pursuant to its instant Motion in Limine as follows:

### I.   FACTUAL AND PROCEDURAL HISTORY

By order of theis court filed September 8, 2010, Plaintiff was ordered to either electronically file his Second Amended Complaint (the "SAC") on or before September 10, 2010 or to proceed under his First Amended Complaint FAC which was filed on April 20, 2009. Plaintiff did not file his SAC and accordingly, the FAC shall govern.

Plaintiff's complaint appears to arise out of his procurement of a loan secured by his real property at 2319 Eureka Avenue, Centralia, WA 98531 (the "Property") from Executive Trustee

Defendant Nationstar's Motion in Limine (C09-5140 BHS) Page 1
MH #WA 09-13154

McCarthy & Holthus LLP
19735 10th Ave NE, Suite N-200
Poulsbo WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

Services, LLC ("ETS") which loan closed on or about August 30, 2007 (the "Subject Loan"). FAC §III, ¶¶1 through 6.

Plaintiff concedes in his complaint that defendant Nationstar had no involvement with Plaintiff or the Subject Loan at it's origination. Furthermore, Plaintiff concedes that Nationstar's only involvement with Plaintiff and the Subject Loan is the fact that Nationstar is the "current Servicer/owner of the subject loan." Plaintiff concedes that Defendant GMAC Mortgage, LLC ("GMAC") was the immediate assignee from the original lender and was the servicer/owner of the subject loan "for the majority of the life of the loan". FAC §III, ¶¶1 through 6.

Notwithstanding these concessions and notwithstanding the fact that Plaintiff does not allege any facts showing any wrong doing of any kind on the part of Nationstar, Plaintiff alleges eight (8) claims, to wit, i) violation of the Truth in Lending Act ("TILA"), ii) violation of the Real Estate Settlement Procedures Act ("RESPA"), iii) violation of the Gramm-Leach-Bliley Act ("GLBA"), iv) violation of the fair credit reporting act, v) violation of the Fair Debt Collection Practices Act ("FDCPA") vi) wrongful foreclosure, vii) Slander of Title and Credit Impairment, and viii) violations of the Washington Consumer Protection Act ("CPA").

Despite his claim for wrongful foreclosure, Plaintiff does not allege that the Property has been sold in foreclosure. On the contrary, he asserts in his FAC that he remains the owner of the Subject Property where he resides. FAC §II, Introductory ¶.

## II.   ARGUMENT

### A.   EVIDENCE PERTAINING TO A CLAIM, WHICH, AS A MATTER OF LAW, CANNOT BE SUSTAINED, MUST BE EXCLUDED

The authority for motions in limine is derived from, inter alia, the Court's inherent powers to provide for the orderly conduct of proceedings before it; control its process and orders so as to make them conform to law and justice; exclude irrelevant evidence (Federal Rules of Evidence, Rules 401 and 402); exclude evidence whose probative value is substantially outweighed by the probability that its admission will consume undue time or create substantial danger of undue prejudice and/or confusion of the issues (Federal Rules of Evidence, Rule 403).

Defendant Nationstar's Motion in Limine (C09-5140 BHS) Page 2
MH #WA 09-13154

McCarthy & Holthus LLP
19735 10th Ave NE, Suite N-200
Poulsbo WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

1  A motion in limine will lie to exclude evidence which is irrelevant or subject to discretionary exclusion as unduly time consuming and/or prejudicial. Moreover, if the effect of granting the motion in limine is such that all evidence is excluded pertaining to a particular claim, then a judgment in favor of the objecting party as to the particular claim may be rendered.

In the instant case, as will be detailed below, Plaintiff's claims against Nationstar fail as a matter of law. Accordingly, evidence pertaining to said claims should be excluded as irrelevant and judgment should be rendered in favor of Nationstar.

**B.  Plaintiff's TILA, RESPA, GLBA, FCRA, and FDCPA Claims against Nationstar Fail as a Matter of Law.**

**1.  Plaintiff's TILA Claim Fails Because Nationstar is Exempt from TILA, the TILA Claim is Time-Barred, and Plaintiff's TILA Rescission Claim is Unavailable Absent Tender.**

**a.  Loan Servicers Like Nationstar are Exempt from TILA**

Furthermore, Nationstar cannot be held liable for a TILA violation. The only parties who can be liable for TILA violations are the original creditor, 15 U.S.C. § 1640, and assignees of that creditor, 15 U.S.C. §1641. TILA specifically exempts loan servicers (like Nationstar) from its provisions:

> (1) A servicer of a consumer obligations arising from a consumer credit transaction **shall not be treated as an assignee** of such obligation for purposes of this section **unless the servicer is or was the owner of the obligation.**
>
> (2) A servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as the owner of the obligation for purposes of this section on the basis fo an assignment of the obligation from the creditor or another assignee to the servicer solely for the administrative convenience of the servicer in servicing the obligation." (Emphasis Added.)

15 U.S.C. § 1641(f).

Nationstar is merely the loan servicer for Plaintiff's loan. Plaintiff has not, and cannot, allege that Nationstar is or was the owner of the loan at any time. Thus, Nationstar is not subject to liability under TILA as a matter of law and Plaintiff's TILA claim as to Nationstar fails,

Defendant Nationstar's Motion in Limine (C09-5140 BHS) Page 3
MH #WA 09-13154

McCarthy & Holthus LLP
19735 10th Ave NE, Suite N-200
Poulsbo WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

1 evidence pertaining to said claim should be excluded and judgment should be rendered in favor
2 of Nationstar.

### b. The TILA Claim is Time Barred.

It is unclear whether Plaintiff's TILA claim is for damages and/or rescission. *See* SAC §IV, ¶¶1-11. To the extent Plaintiff is alleging a TILA damages claim, Plaintiff's damage claim relating to improper disclosures would be subject to a one-year statute of limitations, 15 U.S.C. § 1640 (e), which runs from the time the loan transaction is consummated. *See King v. State of California*, 784 F.2d 910, 915 (9th Cir. 1986); *see also Meyer v. Ameriquest Mortg. Co.*, 342 F3d 899, 902 (9th Cir. 2003) (failure to make the required disclosures under TILA occurs at the time the loan documents were signed).)

Plaintiff alleges that he closed his loan on August 30, 2007, more than one year before filing suit. Accordingly, Plaintiff's request for monetary damages under TILA is therefore time barred, unless the doctrine of equitable tolling applies. *See King.*, 784 F2d at 915 (equitable tolling of civil damages claims brought under TILA may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action).

Under applicable law, "[e]quitable tolling is generally applied in situations 'where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'" *O'Donnell v. Vencor, Inc.*, 465 F3d 1063, 1068 (9th Cir. 2006) (quoting *Irwing v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

In the instant case, Plaintiff does not allege any facts demonstrating entitlement to equitable tolling, and therefore Plaintiff's TILA damages claim fails and evidence pertaining to said claim should be excluded.

### c. TILA Rescission is Unavailable Absent Plaintiffs' Willingness and Ability to Tender.

Defendant Nationstar's Motion in Limine (C09-5140 BHS) Page 4
MH #WA 09-13154

McCarthy & Holthus LLP
19735 10th Ave NE, Suite N-200
Poulsbo WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

To the extent Plaintiff alleges TILA rescission, Plaintiff's TILA rescission claim should be dismissed because Plaintiff does not allege that he tendered, offered to tender, or has the ability to tender, the balance on his home mortgage loan. *See* SAC §III ¶17. Where it is clear that the borrower is unable to pay back all amounts he owes the lender, the Ninth Circuit Court of Appeals has confirmed that rescission is unavailable. *See Yamamoto v. Bank of New York*, 329 F. 3d 1167, 1173 (9th Cir. 2003). Once a lender, upon proper notice that a borrower intends to rescind the loan, returns to the borrower all property mandated by the regulations, the borrower "shall tender the money or property to the creditor or, where the latter would be impracticable or inequitable, tender its reasonable value." 12 C.F.R. §226.23. Plaintiff has not indicated a willingness or ability to return the funds borrowed. Therefore, Plaintiff's TILA claim fails and evidence pertaining to said claim should be excluded.

**2.     Plaintiff's RESPA Claim Fails**

Plaintiff's RESPA claim as to Nationstar fails to allege how Plaintiff was damaged by any purported violations of RESPA on the part of Nationstar. The allegations relative to the RESPA claim pertain to defendants other than Nationstar. As such, his claim against Nationstar fails and evidence pertaining to said claim should be excluded.

**3.     Plaintiff's GLBA Claim Against Nationstar Fails**

The GLBA claim against Nationstar fails because, as a matter of law, under the circumstances of this case, Nationstar had no absolute requirement to provide Plaintiff with a Financial Information Sharing Disclosures or Opt-Out Notice. Such notices are only required when there is disclosure of nonpublic personal information to nonaffiliated third parties. In the instant case, Plaintiff does not allege that Nationstar made any disclosures, let alone disclosures requiring such notice. Accordingly, absent evidence pertaining to such disclosures, any evidence pertaining to any damages purportedly resulting for such disclosures must be excluded.

**4.     Plaintiff's FCRA Claim Against Nationstar Fails**

The FCRA claim against Nationstar fails because, as a matter of law, said claim cannot be maintained absent proof that the information reported to the credit reporting agencies was false

Defendant Nationstar's Motion in Limine (C09-5140 BHS) Page 5
MH #WA 09-13154

McCarthy & Holthus LLP
19735 10th Ave NE, Suite N-200
Poulsbo WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

and that the complaining party followed the dispute resolution process required by the Act before filing his complaint. 15 U.S.C. §1681i; *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002). Absent such proof on the part of Plaintiff, evidence as to any damages for violation of the act must be excluded.

### 5. Plaintiff's FDCPA Claim Against Nationstar Fails

The FDCPA claim against Nationstar fails because, as a matter of law, said claim cannot be maintained absent proof of the alleged statutory violations. Absent such proof on the part of Plaintiff, evidence as to any damages for violation of the act must be excluded.

### 6. The Wrongful Foreclosure Claim Fails Because, As a Matter of Law, It Will Not Lie, When There Has Been No Foreclosure

In Washington, the Deed of Trust Act ("DTA") does not authorize a cause of action for damages for the wrongful institution of nonjudicial foreclosure proceedings where no trustee's sale occurs. *Vawter et al., v. QLS of Washington, et al.*, 2010 U.S. Dist. LEXIS 41903 19, 20; *Pfau v. Wash. Mutual, Inc.* No. CV-08-00142-JLQ, 2009 U.S. Dist. LEXIS 14233, 2009 WL 484448 at 12 (E.D. Wash. Feb 24, 2009); *Krienke v. Chase Home Fin., LLC*, 140 Wn.App. 1032, 2007 WL 2713737 at 5 (2007) see also *Henderson v. GMAC Mortgage Corp.*, No. C05-5781RBL, 2008 U.S. Dist. LEXIS 29329, 2008 WL 1733265, at 5 (W.D. Wash. Aril 10, 2008) (holding that plaintiff's claim for wrongful foreclosure under DTA failed because, *inter alia*, no foreclosure occurred). In *Pfau* and *Krienke*, the courts rejected the argument that a grantor can maintain a damages claim for wrongful institution of non-judicial foreclosure proceedings where no trustee's sale actually occurs. *Vawter*, at 5. These courts underscored their view that there is simply no statutory authority or case law to support such a damages claim. As the *Krienke* court explained:

> [T]here is no case law supporting a claim for damages for the *initiation* of an allegedly wrongful foreclosure sale. Moreover, there is no statutory basis supporting a claim for damages for wrongful *institution* of foreclosure proceedings. On the contrary, courts promote the [DTA's]

Defendant Nationstar's Motion in Limine (C09-5140 BHS) Page 6
MH #WA 09-13154

McCarthy & Holthus LLP
19735 10th Ave NE, Suite N-200
Poulsbo WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

objectives, declining to invalidate completed sales even where trustees have not complied with the statute's technical requirements.

*Vawter*, at 6 (*citing Krienke*, 2007 WL 2713737, at 5 (emphasis in original)).

Here, even if Plaintiff were able to overcome the notice deficiencies, he has failed to plead a viable claim under DTA and Washington law. The plaintiff's cause of action, though labeled in the complaint as a claim for wrongful foreclosure, is properly construed as a claim for wrongful institution of non-judicial foreclosure proceedings since the trustee's sale was discontinued. When viewed in this light, the plaintiff's claim fails as a matter of law.

First, the plaintiff has not identified any statutory provision of the DTA that permits a cause of action for wrongful institution of foreclosure proceedings. Standing alone, the fact that the DTA establishes procedures and requisites for the non-judicial foreclosure process does not necessarily give rise to cause of action. The plaintiff fails to point to any case law supporting his interpretation of the DTA.

Second, the Washington legislature, in enacting the DTA, established a comprehensive scheme for the non-judicial foreclosure process, including specific remedies for grantors and borrowers facing the potential loss of their homes. Interjecting a cause of action for damages for wrongful institution of non-judicial foreclosure proceedings into the DTA's scheme would potentially upset the balance struck by the legislature. Cf. *Udall v. T.D. Escrow Servs., Inc.*, 132 Wn.App. 290, 130 P.3d 908, 913-14 (2006) (reasoning that the common law of contracts is inapplicable to non-judicial foreclosure sales because, *inter alia*, applying the common law would interfere with the DTA's "detailed set of procedures for nonjudicial foreclosure sales." Furthermore, to the extent the legislature intended to permit a cause of action for damages, it could have said so.

Third, recognizing a cause of action for damages for wrongful institution of foreclosure proceedings would potentially undermine the legislature's goal that the non-judicial foreclosure process remains efficient and inexpensive. Here, the plaintiff does not

Defendant Nationstar's Motion in Limine (C09-5140 BHS) Page 7
MH #WA 09-13154

McCarthy & Holthus LLP
19735 10th Ave NE, Suite N-200
Poulsbo WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

contest his default under the terms of the Note, but seeks to pursue a damages claim based on the non-judicial foreclosure proceedings. This approach would spawn litigation under DTA for damages, thereby interfering with the efficient and inexpensive nature of the non-judicial foreclosure process, while at the same time failing to address directly the propriety of foreclosure or advancing the opportunity of interested parties to prevent wrongful foreclosure. Although the court recognizes that an action for damages might often have the incidental effect of stopping a trustee's sale, as in this case, it is not the statutory method established by the Washington legislature to restrain a sale.

Fourth, even assuming a cause of action for damages for wrongful institution of non-judicial foreclosure proceedings were to exist under the DTA, it cannot be maintained without a showing of prejudice. Cf. *Amresco Independence Funding, Inc. v. SPS Props., LLC*, 129 Wn.App. 532, 119 P.3d 884, 886-87 (2005). ("Despite the strict compliance requirement, a plaintiff must show prejudice before a court will set aside a trustee's sale."); *Koegel v. Prudential Mutual Sav. Bank*, 51 Wn.App. 108, 752 P.2d 385, 387-89 (1998) (declining to set aside trustee's sale despite trustee failure to comply with the DTA's notice requirements because plaintiff had not shown prejudice). The plaintiff simply fails to allege in their complaint how they suffered prejudice as a result of the actions of Nationstar.

In summary, following the rulings in *Pfau* and *Krienke*, the plaintiff simply has not shown any reason to depart from the *Krienke* court's conclusion that "there is no statutory basis supporting a claim for damages for wrongful institution of foreclosure proceedings." *Krienke*, 2008 U.S. Dist. LEXIS 29329, 2007 WL 2713737 at 5. The court in *Vawter* stated that it is "mindful that lenders must strictly comply with the DTA because the nonjudicial foreclosure process removes many protections borrowers and grantors have under a mortgage." *Vawter et al., v. QLS of Washington, et al.*, 2010 U.S. Dist. LEXIS 41903 19, 20, citing *Amresco Independence Funding, Inc. v. SPS Props., LLC*, 129 Wn.App. 532, 119 P.3d 884, 886-87 (2005). Nevertheless, it does not follow that a grantor or a borrower can maintain a cause of action for damages for violation of the DTA where the trustee's sale has

Defendant Nationstar's Motion in Limine (C09-5140 BHS) Page 8
MH #WA 09-13154

McCarthy & Holthus LLP
19735 10th Ave NE, Suite N-200
Poulsbo WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

not even taken place. *Id.* Accordingly, any evidence pertaining to this claim must be excluded and judgment rendered in favor of Nationstar.

### 7. Plaintiff's Slander of Title and Credit Impairment Claims Fail

In order to sustain a claim for defamation of title, Plaintiff must establish, by a preponderance of the evidence, that i) statements concerning plaintiff's title were false; ii) the statements were published maliciously; iii) the statements were make with reference to some pending sale or related transaction concerning plaintiff's property; iv) plaintiff has suffered pecuniary loss or injury as a result of the false statements; and, v) the statements were of the nature to defeat plaintiff's title. *Lee v. Maggard*, 197 Wn. 380 (1938). The element of falsity is established by recording a document known to contain false declarations. *Rogvig v. Douglas*, 123 Wn.2d 854 (1994). The element of "malice" is established by false statements that are not made in good faith or otherwise based on a reasonable belief in the veracity of the statements. *Id.* Plaintiff's claims for Defamation of Title and for Malicious Prosecution are premised upon the assertion that MERS is not an appropriate beneficiary.

In the instant case, Plaintiff's claim fails as a matter of law because Plaintiff defaulted on his loan and, as such, cannot show that any statements to that effect are false. Further, Plaintiff fails to plead any facts reflecting malice and, under the circumstances of this case, cannot, as a matter of law so plead; and, as has been detailed above, Plaintiff did not, and as a matter of law, could not suffer pecuniary loss or injury as a result of the false statements because, 1) the statements were not false, and 2) because no sale has taken place. Accordingly, Plaintiff's claim against Nationstar for slander of title and credit impairment fail as a matter of law and evidence relative to such claims must be excluded.

### 8. Plaintiff's CPA Claim Against Nationstar Fails

In order to prevail on a CPA claim, a private plaintiff must show: (1) an unfair or deceptive act or practice, (2) the occurs in trade or commerce, (3) a public interest, (4) injury to the plaintiff in his or her business or property, and (5) a causal link between the unfair or deceptive act and the injury suffered. *Ferguson v. Quinstreet, Inc.*, 2008 WL 3166307, at *10

Defendant Nationstar's Motion in Limine (C09-5140 BHS) Page 9
MH #WA 09-13154

McCarthy & Holthus LLP
19735 10th Ave NE, Suite N-200
Poulsbo WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

1  (W.D. Wash. Aug. 5, 2008) (citing *Indoor Billboard/Washington, Inc. v. Integra Telecom of Washington, Inc.*, 162 Wash.2d 59, 75, 170 P.3d 10 (2007). Failure to satisfy even one of the elements is fatal to a CPA claim. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash.2d 778, 793 (1986). Plaintiffs must allege an unfair or deceptive act and causation between the unfair practice and the injury. *Nordstrom, Inc. v. Tampourlos*, 107 Wn.2d 735, 739 (1987).

In the instant case, Plaintiff cannot as a matter of law, prove the elements of the CPA claim and, as such, evidence pertaining to said claim must be excluded.

### 9. Plaintiff's Tort Claims Are Barred by the Economic Loss Rule.

Plaintiff's tort claims are barred by the Economic Loss Rule. In *Alejandre v. Bull*, 159 Wn2d 674 (2007), the Washington Supreme Court discussed the rule:

> The economic loss rule applies to hold parties to their contract remedies when a loss potentially implicates both tort and contract relief. It is a "device used to classify damages for which a remedy in tort or contract is deemed permissible, but are more properly remediable only in contract. . . . "[E]conomic loss describes those damages falling on the contract side of 'the line between tort and contract'."
>
> The rule "prohibits plaintiffs from recovering in tort economic losses to which their entitlement flows only from contract" because "tort law is not intended to compensate parties for losses suffered as a result of a breach of duties assumed only by agreement."

*Alejandre v. Bull*, 159 Wn.2d at 681-82 (citations omitted). *Alejandre v. Bull* involved the sale of real property and the seller's failure to disclose a defective septic system. Because the issue was within the parties' contract, the Economic Loss Rule prevented any recovery in tort. *Alejandre v. Bull*, 159 Wn.2d at 677, 686. The court concluded:

> In short, the purpose of the economic loss rule is to bar recovery for alleged breach of tort duties where a contractual relationship exists and the losses are economic losses. If the economic loss rule applies, the party will be held to contract remedies, regardless of how the plaintiff characterizes the claims.

*Alejandre v. Bull*, 159 Wn.2d at 683.

Additionally, arguments that the borrowers had no bargaining powers when they entered into their loan contract were rejected by the Supreme Court when it quoted

Defendant Nationstar's Motion in Limine (C09-5140 BHS) Page 10
MH #WA 09-13154

McCarthy & Holthus LLP
19735 10th Ave NE, Suite N-200
Poulsbo WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

another court's holding "Exact parity in bargaining power is not required." *Alejandre v. Bull*, 159 Wn.2d at 689 n.5 (citation omitted). Where the parties to a contract vary widely in their "sophistication" or have disparate bargaining power, "then there may be an issue as to the enforceability of the contract – a different question from whether tort remedies should be available." *Alejandre v. Bull*, 159 Wn.2d at 689.

Furthermore, any suggestion that the economic loss rule should not bar tort claims when the loan agreement does not specifically allocate risk of loss was also rejected. The Supreme Court rejected this same argument in *Alejandre* when it reversed the appellate court's holding that the economic loss rule does not apply to a risk of loss which the parties failed to allocate specifically under their contract. *Alejandre v. Bull*, 159 Wn.2d at 686. Discussing a previous decision, the Court noted, "We did not say ... that the parties will be held to their bargained-for remedies only if they explicitly addressed any or all potential economic losses and allocated the risks associated with them. Other courts have also rejected this premise. Courts reason, instead, that the economic loss rule applies where the parties could or should have allocated the risk of loss, or had the opportunity to do so." *Alejandre v. Bull*, 159 Wn.2d at 686-87.

In the instant case, Plaintiff entered into a contract embodied in the Deed of Trust which Plaintiff alleges was breached. Based upon the authorities above, the Economic Loss Rule applies and Plaintiff is precluded from recovering for losses allegedly arising from his tort claims. Accordingly, any evidence pertaining to said claims should be excluded.

///
///
///
///
///
///

Defendant Nationstar's Motion in Limine (C09-5140 BHS) Page 11
MH #WA 09-13154

McCarthy & Holthus LLP
19735 10th Ave NE, Suite N-200
Poulsbo, WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

## III.

## GOOD FAITH EFFORT AT ATTEMPTED RESOLUTION

Plaintiff's now counsel was given an opportunity to file Plaintiff's SAC by September 10, 2010 which filing was previously approved by the Court. Plaintiff declined to do so. Plaintiff's former counsel was advised of the numerous deficiencies in the FAC by counsel for co-defendants GMAC, et al. on October 7, 2009 by virtue of a 6 page letter. The SAC prepared by Plaintiff's former counsel was in response to said letter and in an attempt to obviate some of the problems with the FAC. Counsel for Nationstar, Mary Stearns, held numerous telephone conversations with Plaintiff's counsel regarding the inadequacy of the FAC prior to the Court's ruling requiring Plaintiff to either file the SAC or be bound by the FAC. Further, Ms. Stearns spoke with Ms. Heulsman on September 13, 2010 regarding the same and Ms. Heulsman agreed that Nationstar is not liable under the causes of action pertaining to the loan origination. To that extent, the parties should be able to stipulate pertaining to those causes of action. As to the others, the parties have been unable to stipulate.

## IV.   CONCLUSION

Based upon the foregoing, Nationstar respectfully requests that this Court exclude Plaintiff's evidence relative to its claims against Nationstar, enter judgment in favor of Nationstar, and, for any further relief as this Court deems just and proper.

DATED: September 13, 2010          MCCARTHY & HOLTHUS, LLP

/S/
Mary Stearns, WSBA #42543
Attorneys for Nationstar Mortgage, LLC

Defendant Nationstar's Motion in Limine (C09-5140 BHS) Page 12
MH #WA 09-13154

McCarthy & Holthus LLP
19735 10th Ave NE, Suite N-200
Poulsbo WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

CERTIFICATE OF SERVICE

I certify that on September 13, 2010, I served a copy of the foregoing document in the manner specified on the following:

| Melissa A. Huelsman, Esq.<br>705 Second Avenue, Ste. 1050<br>Seattle, WA 98104<br>mhuelsman@predatorylendinglaw.com | ☐ Hand Delivery<br>☐ First Class Mail<br>X Electronic Mail [via efiling]<br>☐ Facsimile<br>☐ Process Server<br>☐ Federal Express |
|---|---|
| Frederick B. Rivera<br>Perkins Coie<br>1201 3rd Avenue, Ste. 4800<br>Seattle, WA 98101<br>FRivera@perkinscoie.com | ☐ Hand Delivery<br>☐ First Class Mail<br>X Electronic Mail [via efiling]<br>☐ Facsimile<br>☐ Process Server<br>☐ Federal Express |

I declare under penalty of perjury under the laws of the Unites States of America and the State of Washington that the foregoing is true and correct and that this Declaration was executed in Poulsbo, Washington.

Dated: September 13, 2010

*/s/ Melissa Rice*
Melissa Rice, Legal Assistant
McCarthy & Holthus, LLP

Defendant Nationstar's Motion in Limine (C09-5140 BHS) Page 13
MH #WA 09-13154

McCarthy & Holthus LLP
19735 10th Ave NE, Suite N-200
Poulsbo WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862