Honorable Benjamin Settle

Melissa A. Huelsman, WSBA #30935
Law Offices of Melissa A. Huelsman, P.S.
705 Second Avenue, Suite 1050
Seattle, Washington 98104
(206) 447-0103 – Telephone
(206) 447-0115 – Facsimile
mhuelsman@predatorylendinglaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LONNIE ENGEL,<br><br>    *Plaintiff,*<br><br>vs.<br><br>FIRST AMERICAN TITLE INSURANCE COMPANY, a Washington Corporation; EXECUTIVE TRUSTEE SERVICES, LLC, a Delaware Corporation licensed to conduct business in Washington State; HOMECOMINGS FINANCIAL LLC (F/K/A Homecomings Financial Network, Inc.), a Delaware Corporation licensed to conduct business in Washington State; GMAC MORTGAGE, LLC, a Delaware Corporation licensed to conduct business in Washington State; NATIONSTAR MORTGAGE, LLC (d/b/a Champion Mortgage Company), a Delaware Corporation licensed to conduct business in Washington State; KBC MORTGAGE, a Washington Corporation; STEVEN B. RODGERS, Real Estate Appraiser, and JANE DOE RODGERS, husband and wife and their marital community; and RODGERS & ASSOCIATES, a Real Estate | Case No.: C09-5140 BHS<br><br>SECOND AMENDED COMPLAINT FOR VIOLATION OF THE TRUTH IN LENDING ACT, VIOLATION OF THE REAL ESTATE SETTLEMENT PROCEDURES ACT, WRONGFUL FORECLOSURE, VIOLATIONS OF THE MORTGAGE BROKER PRACTICES ACT and VIOLATION OF THE CONSUMER PROTECTION ACT. |

SECOND AMENDED COMPLAINT FOR DAMAGES
Page 1 of 13

LAW OFFICES OF MELISSA A. HUELSMAN, P.S.
705 Second Avenue, Suite 1050
Seattle, WA 98104
Phone: 206-447-0103

Appraisal Service, licensed to do business in the State of Washington; WASHINGTON INTERNATIONAL INSURANCE COMPANY an authorized insurance company doing business in the State of Washington under bond number 9047629; SAFECO INSURANCE COMPANY OF AMERICA under bond number 5977463 bonding defendant NATIONSTAR.

*Defendants.*

COMES NOW Plaintiff, Lonnie Engel, for his causes of action against Defendants and states as follows:

## I. JURISDICTION

This Court has jurisdiction over the parties herein based upon the pleading of federal law claims, including violations of the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*, Regulation Z, the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.* Regulation X, the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801, *et seq*, Regulation P; the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*; and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*;

## II. PARTIES

Plaintiff, LONNIE ENGEL ("Mr. Engel"), is a resident of Lewis County, Washington, and resides in his home, which is the subject of these causes of action, at 2319 Eureka Ave., Centralia, WA 98531.

1. Defendant FIRST AMERICAN TITLE INSURANCE COMPANY ("FIRST AMERICAN") is a sub-Trustee of the Property covered by the subject loan that closed on or about August 30, 2007. FIRST AMERICAN is a Washington Corporation doing business in this state by holding title as trustee to mortgage loans held by residents

SECOND AMENDED COMPLAINT FOR DAMAGES
Page 2 of 13

LAW OFFICES OF MELISSA A. HUELSMAN, P.S.
705 Second Avenue, Suite 1050
Seattle, WA 98104
Phone: 206-447-0103

of the state of Washington and by obtaining security interests in real property located in Lewis County and throughout the State of Washington. FIRST AMERICAN is the "client" of Defendant Executive Trustee Services, LLC;

2. Defendant EXECUTIVE TRUSTEE SERVICES, LLC ("ETS") claims to be the person designated in the Deed of Trust as the Trustee of the property covered by the subject loan that closed on or about August 30, 2007. ETS is a Delaware Corporation licensed to conduct business in Washington State as a "Collection Agency" and is a "debt collector" as defined under the Fair Debt Collection Practices Act 15 U.S.C. 1692a(6). ETS claims to hold title as trustee to the mortgage loans held by residents of the state of Washington and by obtaining security interests in real property located in Lewis County and throughout the State of Washington.

3. Defendant HOMECOMINGS Financial, LLC (F/K/A Homecomings Financial Network, Inc.) ("Homecomings") was the original lender/loan owner of the subject loan that closed on or about August 30, 2007. HOMECOMINGS is a Delaware corporation doing business in the State of Washington by making mortgage loans to residents of the State of Washington, and by obtaining security interests in real property Glocated in Lewis County and throughout the State of Washington.

4. Defendant GMAC MORTGAGE, LLC, ("GMAC"), is the immediate assignee from Defendant HOMECOMINGS and was the servicer/owner of the subject loan, for the majority of the life of the loan, that closed on or about August 30, 2007. GMAC is a Delaware Corporation doing business in the State of Washington by servicing mortgage loans held by residents of the State of Washington and soliciting to make loans to residents of the State of Washington, and by obtaining security interests in real property located in Lewis County and throughout the State of Washington.

SECOND AMENDED COMPLAINT FOR DAMAGES
Page 3 of 13

LAW OFFICES OF MELISSA A. HUELSMAN, P.S.
705 Second Avenue, Suite 1050
Seattle, WA 98104
Phone: 206-447-0103

6. Defendant KBC MORTGAGE ("KBC") is a mortgage broker licensed to do business in the State of Washington and is engaged in the business of brokering mortgage loans for residents of the State of Washington. Defendant KBC brokered the mortgage loan that is the subject of these causes of action. Defendant KBC's Washington Corporation registration expired on December 31, 2008.

7. Defendant STEVEN B. RODGERS and JANE DOE RODGERS, husband and wife and their marital community. Mr. Rodgers is the sole proprietors of RODGERS & ASSOCIATES and is a real estate appraiser, licensed to do business in the State of Washington under UBI 602959392.

9. Defendant RODGERS & ASSOCIATES is a real estate appraisal service located in Port Orchard, WA and licensed to do business in the State of Washington under UBI 602959392.

10. Defendant KELLY HODSON, SR and JANE DOE HODSON, husband and wife and their marital community, were, at all times relevant to this litigation, owners and/or governing persons of KBC MORTGAGEGROUP, INC. a profit corporation licensed under UBI 602568523 and doing business in the State of Washington.

11. Defendant LISA A. HODSON and JOHN DOE HODSON, husband and wife and their marital community, were, at all times relevant to this litigation, owners and/or governing persons of KBC MORTGAGEGROUP, INC. a profit corporation licensed under UBI 602568523 and doing business in the State of Washington.

12. Defendant WASHINGTON INTERNATIONAL INSURANCE COMPANY is the bonding company for defendant KBC MORTGAGE and holds a bond on that company for not less than $60,000 under bond number 9047629.

SECOND AMENDED COMPLAINT FOR DAMAGES
Page 4 of 13

LAW OFFICES OF MELISSA A. HUELSMAN, P.S.
705 Second Avenue, Suite 1050
Seattle, WA 98104
Phone: 206-447-0103

13. SAFECO INSURANCE COMPANY OF AMERICA is the bonding company for Defendant NATIONSTAR and has issued a bond on that company for not less than $150,000, under bond number 5977463.

## III.   FACTS

1. Plaintiff repeats and realleges each and every item and allegation above as if fully and completely set forth herein.

2. Mr. Engel is a homeowner in Lewis County, Washington, residing in his home at 2319 Eureka Ave., Centralia, WA 98531 ("Property").

3. In or about July 2007, Mr. Engel contacted a representative of Defendant KBC regarding obtaining a new mortgage loan (and doing some debt consolidation). The KBC employee "Karsten Johnson" represented that Mr. Engel was "Pre-Approved" for financing and told Mr. Engel that she could find him an affordable loan for the Property. Mr. Engel was contacted by KBC, provided all of the information requested by Defendant KBC, and waited for a response about his new loan. In August 2007 Mr. Engel was notified that they found a lender.

4. Mr. Engel initially applied for a home loan with KBC August 6, 2007, in the amount of $175,000.00 at a rate of 7.5%. He provided the information to the representative in person. Mr. Engel did **not** receive any documents in the mail from Defendants which also included the Good Faith Estimate and a **correct** Truth In Lending Disclosure. Defendants are required by law under the Truth in Lending Act and the Washington State Mortgage Broker Practices Act to provide Mr. Engel with these disclosures within three days of making application.

SECOND AMENDED COMPLAINT FOR DAMAGES
Page 5 of 13

LAW OFFICES OF MELISSA A. HUELSMAN, P.S.
705 Second Avenue, Suite 1050
Seattle, WA 98104
Phone: 206-447-0103

5. Mr. Engel signed the loan documents on or about August 30, 2007, the total costs of the loan, including loan origination fees, processing, application, mortgage broker, administration and underwriting fees were not disclosed, therefore making it impossible to determine the total cost of the loan.

6. KBC is in the business of finding clients loans to fund their home purchases. KBC does not disclose to their clients that they received numerous levels of programs for back end yield spread premiums to place clients in high risk loans that only benefit KBC's bottom line. In addition, the "yield spread premium" in return for placing Mr. Engel into that particular loan, which caused the interest rate and hence finance charge on Mr. Engel's loan to be inflated was not disclosed to Mr. Engel until after the loan documents had been signed. Mr. Engel was not provided any information prior to entering into the loan explaining that Mr. Engel would actually be paying these costs through the increase in his interest rate and finance charge.

7. Mr. Engel entered into a loan transaction with Defendant Homecomings August 30, 2007, wherein he signed a Promissory Note and agreed to repay Defendant Homecomings and/or its assignees the amount owed under that Note and that debt was secured by a Deed of Trust that was recorded in the records of Lewis County, Washington.

8. To aid the process of the loan, KBC sent Plaintiff blank applications and loan documents to sign.

9. Mr. Engel is an unsophisticated consumer. This is his first home purchase.

10. Mr. Engel received a HUD 1 Settlement Statement on or after September 5, 2007, a Good Faith Estimate on or after September 5, 2007, and has still not received a correct Truth In Lending Disclosure from any of the Defendants.

SECOND AMENDED COMPLAINT FOR DAMAGES
Page 6 of 13

LAW OFFICES OF MELISSA A. HUELSMAN, P.S.
705 Second Avenue, Suite 1050
Seattle, WA 98104
Phone: 206-447-0103

11. Mr. Engel received a letter from GMAC Mortgage dated September 11, 2007, indicating that Defendant Homecomings transferred his account to GMAC Mortgage effective October 1, 2007.

12. Mr. Engel's loan is a Fannie Mae mortgage.

13. Mr. Engel was required to obtain Private Mortgage Insurance to obtain the credit to qualify for his loan.

14. Defendant KBC charged Mr. Engel an administrative fee for preparing the loan documents, HUD, and TILA Disclosure.

15. Defendant KBC charged Mr. Engel a loan processing fee for submitting the loan application to the bank, running Mr. Engel's credit, and discussing what loan program he may be eligible for.

16. Mr. Engel did not receive all required loan documentation in advance of signing the Note and Deed on or about August 30, 2007.

17. Mr. Engel has made several attempts with Defendants GMAC and HOMECOMINGS to modify the terms of his loan and enter into a workout arrangement, where GMAC and HOMECOMINGS refused to offer or negotiate any terms with Mr. Engel.

18. At all times relevant to this matter, Defendant Executive Trustee Services (ETS) was not and is not a domestic corporation incorporated under Title 23B, 30, 31, 32, or 33 RCW of which at least one officer is a Washington resident.

19. ETS is not a title insurance company authorized to insure title to real property under the laws of this state, or its agents.

20. ETS is not an attorney who is an active member of the Washington State Bar Association.

SECOND AMENDED COMPLAINT FOR DAMAGES
Page 7 of 13

LAW OFFICES OF MELISSA A. HUELSMAN, P.S.
705 Second Avenue, Suite 1050
Seattle, WA 98104
Phone: 206-447-0103

21. ETS is not a professional corporation incorporated under chapter 18.100 RCW, is not a professional limited liability company formed under chapter 25.15 RCW, is not a general partnership formed under chapter 25.04 RCW, and is not a domestic corporation wholly owned by licensed attorneys or entities.

22. ETS is not an agency or instrumentality of the United States Government.

23. ETS is not a national bank, savings bank, or savings and loan association chartered under the laws of the United States.

24. Defendants HOMECOMINGS, GMAC, and ETS are a part of the same "family" of companies, wherefore the acts of one company may be deemed to have been done for the benefit of the other.

25. At all times relevant to this matter, Defendant ETS has not maintained a street address in this state where personal service of process may be made, and has not maintained a physical presence with telephone service at such address.

### IV. VIOLATION OF THE TRUTH IN LENDING ACT, 15 U.S.C. §1601, et seq.

1. This litigation involves a residential mortgage transaction as defined under 15 U.S.C. § 1601.

2. The Truth In Lending Act violations herein are subject to the three (3) year rule as this action is in defense of a foreclosure on the subject property.

3. Plaintiff is a person as defined under 15 U.S. C. § 1601.

4. KBC MORTGAGE and GMAC are organizations as defined under 15 U.S. C § 1601 et. seq.

5. KBC MORTGAGE and GMAC failed to provide the required disclosures as required and defined under 15 U.S.C. §1601 et seq.

6. KBC MORTGAGE and GMAC was, at all times relevant to this litigation, a creditor as defined under 15 U.S.C § 1601 et. seq.

SECOND AMENDED COMPLAINT FOR DAMAGES
Page 8 of 13

LAW OFFICES OF MELISSA A. HUELSMAN, P.S.
705 Second Avenue, Suite 1050
Seattle, WA 98104
Phone: 206-447-0103

7.  KBC MORTGAGE and GMAC failed to disclose the true amount of the finance charges to Plaintiff, in violation of 15 U.S.C. § 1607 et seq.

8.  When the loan was transferred to GMAC, GMAC did not provide a Good Faith Estimate and/or Truth in Lending Disclosure Statement to Plaintiff.

9.  Defendant KBC MORTGAGE and GMAC violated 15 U.S.C. § 1601 et.seq. by having more than the allowed discrepancy when disclosing the annual percentage rate.

10. When GMAC Acquired the loan, GMAC also acquired the liability for any wrongdoing on the part of KBC MORTGAGE.

11. Defendant HOMECOMINGS FINANCIAL is a subprime division of GMAC and is included in the GMAC family of companies, and, as a parent company, GMAC is responsible for all wrongdoing done by HOMECOMINGS FINANCIAL, its agent.

## V. VIOLATION OF REAL ESTATE SETTLEMENT PROCEDURES ACT
## 12 U.S.C. 2601, *et seq.*

1.  Plaintiff realleges each and every item and allegation above as if fully and completely set forth herein.

2.  Defendant KBC MORTGAGE, through its agent had Plaintiff sign a blank loan application which Defendant's agent later completed, which showed a debt to asset ratio of a negative number which would indicate Plaintiff did not qualify for the loan.

3.  KBC received a yield spread premium from Defendant HOMECOMINGS FINANCIAL and did not disclose this to Plaintiff until after all the loan documents had been signed on August 30, 2007.

4.  KBC charged fees to the Plaintiff for the preparation of loan documents, HUD, and TILA disclosure statements as an administrative fee the loan documents, HUD, and TILA Disclosure in violation of law under RESPA, 12 U.S.C. § 2601, *et seq.*

SECOND AMENDED COMPLAINT FOR DAMAGES
Page 9 of 13

LAW OFFICES OF MELISSA A. HUELSMAN, P.S.
705 Second Avenue, Suite 1050
Seattle, WA 98104
Phone: 206-447-0103

5. KBC did not disclose to Plaintiff it had a business affiliation with Defendant HOMECOMINGS FINANCIAL from whom they received an undisclosed yield spread premium for placing Plaintiff in the loan he received.

6. Therefore, Plaintiff maintains that Defendant KBC and Defendant HOMECOMINGS FINANCIAL and by way of assignment, Defendant GMAC are liable for violations of the Real Estate Settlement Procedures Act, 12 U.S.C. 2601, *et. seq.*, and Regulation X.

## VI. VIOLATIONS OF THE MORTGAGE BROKERS PRACTICES ACT
### RCW 19.146 et seq.

1. Plaintiff realleges each and every allegation above as if fully and completely set forth herein.

2. KBC sought to directly and indirectly employ a scheme, device or artifice to defraud and mislead its borrowers and other persons.

3. KBC engaged in unfair and deceptive practice toward Plaintiff.

4. KBC and its agents entered into a contract with Plaintiff that provided in substance the broker would provide best efforts to obtain a loan for Plaintiff.

5. KBC made, through its actions, false representations with regard to the rages or other financing terms or conditions for the residential mortgage loan into which they placed Plaintiff.

6. KBC failed to disclose the true rate of interest which Plaintiff would ultimately be paying for his loan.

7. KBC, its assignees, employees and agents failed to comply with requirements of the Truth In Lending Act and other such acts as set out in the statute.

8. KBC, its assignees, employees and agents charged fees prohibited by Statute.

9. As a result of these violations, Plaintiff seeks damages and attorney fees and costs.

## VII. VIOLATIONS OF WASHINGTON STATE CONSUMER PROTECTION ACT
### RCW 19.86 *et seq.*

1. Plaintiff realleges each and every allegation above as if fully and completely set forth herein.

SECOND AMENDED COMPLAINT FOR DAMAGES
Page 10 of 13

LAW OFFICES OF MELISSA A. HUELSMAN, P.S.
705 Second Avenue, Suite 1050
Seattle, WA 98104
Phone: 206-447-0103

2. Plaintiff is a person as described in RCW 19.86 et.seq.

3. Defendants are corporations or individuals who are subject to the laws of the State of Washington.

4. The acts alleged herein took place in the State of Washington and are subject to the laws of the State of Washington.

5. The acts alleged herein took place in the course of conducting business within the State of Washington by Defendants and Plaintiff.

6. The acts alleged herein impact the public interest.

7. The acts alleged herein have caused injury to Plaintiff.

8. The injury to Plaintiff is related to acts of the Defendants throughout the process of his loan and subsequent attempts to modify that loan.

9. The acts alleged herein are unfair and deceptive to Plaintiff and are a violation of the Washington State Consumer Protection Act.

10. As a result of this violation, Plaintiff requests statutory damages and attorney fees as allowed under this statute.

## VIII. WRONGFUL FORECLOSURE

1. Plaintiff repeats and realleges each and every item and allegation above as if fully and completely set forth herein.

2. Defendant ETS does not meet the minimum qualifications for a Trustee as required by law under RCW 61.24.010, and has failed to comply with the requisites to a trustee's sale as required by law under RCW 61.24.030.

3. Defendants HOMECOMINGS, GMAC, NATIONSTAR, and ETS, have violated other provisions of the Washington Deed of Trust Act, RCW 61.24 *et seq.*, for which the Plaintiff is entitled to recover damages against said defendants.

4. As a proximate result of the negligent or reckless conduct of Defendant HOMECMOINGS, its assignees, agents and employees, and Defendants ETS its agents, Plaintiff

SECOND AMENDED COMPLAINT FOR DAMAGES
Page 11 of 13

LAW OFFICES OF MELISSA A. HUELSMAN, P.S.
705 Second Avenue, Suite 1050
Seattle, WA 98104
Phone: 206-447-0103

has been threatened with imminent loss of his property, despite the fact that Plaintiff made or attempted to make all payments in accordance with his loan agreement.

5. Plaintiff was forced to hire an attorney and to incur attorneys fees in order to begin this action and to attempt to prevent the non-judicial foreclosure sale initiated by Defendants HOMECOMINGS, GMAC, NATIONSTAR, and ETS.

6. Plaintiff is entitled to an award of damages in an amount to be proven at trial for attorneys' fees incurred in maintaining this action.

## IX. RIGHT TO AMEND

Plaintiff reserves the right to amend this Complaint, asserting other facts and causes of action after further investigation and discovery.

## X. RELIEF SOUGHT

WHEREFORE, having set forth various causes of action against Defendants, Plaintiff prays for the following relief:

1. Judgment be entered against Defendants, jointly and severally, awarding Plaintiff damages in an amount to be proven at the time of trial, but not less than $50,000;

2. The actions of all Defendants be determined to be unfair and deceptive business practices in violation of RCW 19.86 and statutory damages as to each violation;

3. This Court award all such relief to Plaintiff as they may be entitled to under the Consumer Protection Act, including treble damages and an award of costs and attorney's fees;

4. Plaintiff be awarded consequential damages, including attorneys' fees incurred to bring this action, in an amount to be fully proved at the time of trial but not less than $25,000;

5. Plaintiff be awarded his fees and costs pursuant to the written loan agreements which bind the Defendants;

6. Plaintiff be awarded statutory damages pursuant to the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*;

SECOND AMENDED COMPLAINT FOR DAMAGES
Page 12 of 13

LAW OFFICES OF MELISSA A. HUELSMAN, P.S.
705 Second Avenue, Suite 1050
Seattle, WA 98104
Phone: 206-447-0103

7.    The Court award such other relief as it deems just and proper.

DATED this ____ day of March, 2010.

WENGER & ASSOCIATES, P.S.


__/s/_____
MARLENE K. WENGER, WSBA 35478
Attorney for Plaintiff Lonnie Engel

SECOND AMENDED COMPLAINT FOR DAMAGES
Page 13 of 13

LAW OFFICES OF MELISSA A. HUELSMAN, P.S.
705 Second Avenue, Suite 1050
Seattle, WA 98104
Phone: 206-447-0103