UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LONNIE ENGEL,

                Plaintiff,

      v.

FIRST AMERICAN TITLE
INSURANCE COMPANY, et. al.,

             Defendant.

CASE NO. C09-5140BHS

ORDER GRANTING
DEFENDANTS' MOTIONS TO
DISMISS

      This matter comes before the Court on Defendant Nationstar Mortgage LLC's ("Nationstar") Fed. R. Civ. P. 12(b)(6) motion to dismiss Plaintiff's ("Engel") second amended complaint ("SAC") as against Nationstar (Dkt. 54) and Defendants Homecomings Financial LLC ("HF"), GMAC Mortgage LLC ("GMAC"), and Executive Trustee Services, LLC's ("ETS") joint Fed. R. Civ. P. 12(b)(6) motion to dismiss Engel's SAC as against them (Dkts. 67). The Court has considered the pleadings in support of and in opposition to the motion and the remainder of the file and hereby grants Nationstar's and Homecomings' respective motions to dismiss for the reasons stated herein.

## I. PROCEDURAL HISTORY

      On September 8, 2010, the Court ordered Engel to either officially file his SAC or proceed with his first amended complaint. *See* Dkt. 69. In that order, the Court also

ORDER - 1

extended the deadline for Engel to file a response to Nationstar's motion to dismiss (Dkt. 54), which Nationstar filed on July 15, 2010. Engel did not file a response.

On August 26, 2010, HF, GMAC, and ETS (collectively "Homecomings") filed a joint motion to dismiss (Dkt. 67). On September 14, 2010, Engel responded to Homecomings' motion. Dkt. 71. On September 17, 2010, Homecomings replied. Dkt. 75.

On September 14, 2010, Engel officially filed his SAC. The proposed SAC had previously been on file as an attachment to a prior motion to file the SAC. Dkt. 43 (attachment 1).

## II. FACTUAL BACKGROUND

This matter arises out of a challenge by Engel to the propriety of his residential loan agreement and the documentation thereto. Unless otherwise discussed herein, the Court relies on the undisputed facts as set out in Engel's SAC. The property at issue is Engel's home, located at 2319 Eureka Avenue, Centralia, WA 98531. SAC § 3 ¶ 2.

In or around July 2007, Engel sought a loan through a mortgage broker, KBC Mortgage ("KBC"). *Id.* ¶ 3. KBC identified a lender and Engel applied for a $175,000 loan at the rate of 7.5%. *Id.* at 4. Engel alleges that he did not receive the required documentation in regard to this loan, such as the Good Faith Estimate and a correct Truth In Lending Disclosure. *Id.* ¶ 4.

On or about August 30, 2007, Engel executed a loan agreement with the lender identified by KBC, which was HF. *Id.* at ¶ 7. On or after September 5, 2007, Engel received a HUD 1 Settlement Statement and a Good Faith Estimate. *Id.* ¶ 10.

By letter dated September 11, 2007, Engel learned that Defendant GMAC acquired the loan he executed with HF, which took effect October 1, 2007. *Id.* ¶ 11.

Engel eventually defaulted on his loan agreement. Thereafter, First American Title Company initiated a trustee's foreclosure sale of Engel's property. *See* Dkt. 68, Exs. 2, 3.

However, it appears from the briefing that foreclosure has only been attempted and not completed. *See* Dkt. 71 at 4 (Engel is seeking relief for the "attempted foreclosure sale").

Engel contends that Defendant ETS, is actually the entity involved with the foreclosure, and improperly so. *See* SAC § 3 ¶¶ 19-25 (alleging facts regarding ETS and that HF and GMAC are part of the same "family" of companies acting for the benefit of the other, ¶ 24).

Based on the allegations in the SAC, Engel seeks relief based upon following causes of action: (1) violation of the Truth in Lending Act, 15 U.S.C. § 1601, et seq. ("TILA"); (2) violation of the Real Estate Settlement Procedures Act, 12 U.S.C. §2601, et seq. ("RESPA); (3) Violations of the Mortgage Brokers Practices Act, RCW 19.146, et seq. ("MBPA"); (4) violations of the Washington State Consumer Protection Act, RCW 19.86, et seq. (WCPA); and (5) wrongful foreclosure in violation of RCW 61.240.030, et seq.

The Court notes that Engel's third cause of action under the MBPA only relates to KBC, a party that did not join in the instant motions to dismiss. The Court also notes that First American Title Insurance Company was dismissed by agreement of the parties. Dkt. 26.

### III. DISCUSSION

**A.    Nationstar's Motion to Dismiss**

Under the Local Rules, when "a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Local Rule CR 7(b)(2). Engel did not respond to Nationstar's motion to dismiss. The Court, *sua sponte*, extended the time in which Engel could respond to Nationstar's motion. *See* Dkt. 69. The Court deems Nationstar's motion to have merit, which alone is a sufficient ground to grant the motion.

Even if Engel had responded, the SAC is insufficient with respect to the allegations made against Nationstar. *See* Dkt. 75 (SAC). The SAC contains few allegations against Nationstar, none of which provide a sufficient factual basis to support the claims. Pursuant to 12(b)(6), a complaint may be dismissed when it lacks sufficient facts alleged under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984). The allegations must "raise a right to relief above the speculative level." *Atlantic v. Twombly*, 550 U.S. 544, 545 (2007).

Based on the foregoing, the Court grants Nationstar's motion to dismiss Engel's claims against it.

**B.      Homecomings' Motion to Dismiss**

Fed. R. Civ. P. 12(b)(6) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in a plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983).  However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965. Engel must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

**1.      TILA & RESPA Claims**

Homecomings argues that Engel's TILA and RESPA claims are barred by the one-year statute of limitations that has already passed. Dkt. 67 at 3-4.

TILA provides a one-year statute of limitations period. 15 U.S.C. § 1640(e). The limitations periods commence on the date the loan transaction is consummated unless equitable tolling applies. *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986). Under certain circumstances, equitable tolling of the limitations period may suspend the limitations period "until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." *Id.* Similarly, unless equitable tolling applies, RESPA provides a one-year statute of limitations, which begins to run on "the date of the occurrence of the violation." 12 U.S.C. § 2614. "The date of the occurrence" is interpreted to refer to the closing. *Snow v. First Am. Title Ins. Co.*, 332 F.3d 356, 359 (5th Cir. 2003).

In opposition, Engel concedes that the one-year statute of limitations applies and that it has expired given that he consummated his loan on August 30, 2007; Engel did not file suit until March 16, 2009. SAC § III ¶¶ 5, 7; *see also* Dkt. 1 (original complaint). Even so, Engel argues that equitable tolling applies in his case. *See* Dkt. 71 at 6.[1] Specifically, Engel argues, that he "did not learn about the fact that he had been deceived and misled until after he sought the assistance of counsel." Dkt. 71 at 7.

"Where equitable tolling may be applicable to a federal claim, the 'claim accrues . . . upon awareness of the actual injury, not upon awareness that this injury constitutes a legal wrong.'" *Lukovsky v. San Francisco*, 535 F.3d 1044, 1049 (9th Cir. 2008)). Equitable tolling "suspend[s] the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the . . . action." *King*, 784 F.2d at 915. "[W]here a plaintiff has been injured by fraud and 'remains in ignorance of it without any fault or want of diligence or care on his part, the

_____

[1]Engel also conceded that recission is not a proper basis for relief in this case and withdrew any such argument made in the SAC. Dkt. 71 at 7.

bar of the statute does not begin to run until the fraud is discovered, though there be no special circumstances or efforts...to conceal it from the knowledge of the other party.' [Citation omitted.]" *In re United Ins. Management, Inc.*, 14 F.3d 1380, 1384 (9th Cir. 1994). Equitable tolling "applies in situations . . . 'where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'" *Velazquez v. GMAC Mortg. Corp.*, 605 F. Supp. 2d 1049, 1061 (C.D. Cal. 2008) (quoting *O'Donnell v. Vencor, Inc.*, 465 F.3d 1063, 1068 (9th Cir. 2008)).

As an initial matter, Engel's SAC fails on its face to support granting relief from the statute of limitations by applying the doctrine of equitable tolling to his TILA and RESPA claims. A plaintiff seeking equitable tolling based on fraudulent concealment, as Engel's argues, must meet particularity requirements of Federal Rule of Civil Procedure 9(b). *Guerrero v. Gates*, 442 F.3d 697, 707 (9th Cir. 2006); *Wasco Prods., Inc. v. Southwall Tech., Inc.*, 435 F.3d 989, 991-92 (9th Cir. 2006); *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 662-63 (9th Cir. 1999)). Engel's complaint does not adequately reflect any such particularity and therefore the defense of equitable tolling is not available to Engel.

Putting the foregoing fatal deficiency aside for the moment, the Court finds yet another basis on which to grant Homecomings' motion to dismiss Engel's TILA and RESPA claims.  In cases such as this, the limitations period for equitable tolling begins to run "when the borrower discovers or had reasonable opportunity to discover the fraud involving the complained of . . . violation." *Jones v. TransOhio Sav Ass'n*, 747 F.2d 1037, 1041 (9th Cir. 1984). Engel argues that equitable tolling should be applied on the basis that he did not receive adequate disclosures from the lender, as required by the applicable laws. *See* SAC § III ¶¶ 4, 10. This assertion is undermined by Engel's own pleadings. Engel admits he received the HUD 1 Settlement Statement and Good Faith Estimate on or after September 5, 2007, which is just days after consummating the loan on August 30,

2007. Engel also contended that he has yet to receive the correct Truth In Lending Disclosure from any of the named defendants. These facts evidence that Engel has been in control of the facts that may have supported his TILA and RESPA claims since at or near the loan consummation date. Because Engel has been aware of the facts that might give rise to his claim for TILA and RESPA since at or near the time of loan consummation, the Court cannot conclude that equitable tolling should be applied in this case. *See Walker v. Washington* (Ninth Circuit holding that TILA claim was barred by the one-year statute of limitations and that equitable tolling did not apply because Walker had been aware of the alleged fraud as early as two months after consummating the loans). 63 Fed. Appx. 316, 317 (9th Cir. 2003).

In short, Engel provides inadequate authority for ignoring the statute of limitations in his case. Instead he argues that the Court should apply the doctrine of equitable tolling when a plaintiff does not learn of his potential claims until after being so informed of them by his attorney. *See* Dkt. 71 at 7. Engel provides no authority for invoking equitable tolling on such a basis.

Therefore, Engel's TILA and RESPA claims fail as a matter of law and are dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

## 2.    Washington Consumer Protection Act

Homecomings argues that Engel fails to sate a claim under WCPA for which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. 67 at 7.

To succeed in his claim, Engel must establish all five necessary elements of a WCPA claim: "(1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; [and] (5) causation." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn. 2d 778, 780 (1986).

As a threshold matter, Engel's SAC is deficient with respect to his WCPA cause of action. Even after the Court incorporates the prior factual allegations consistent with the SAC, § VII ¶ 1, the SAC remains deficient as to the moving Defendants. Indeed, none of the allegations that might be construed to relate to Engel's WCPA claim implicate Homecomings. Instead, they implicate only KBC, Engel's mortgage broker. *Compare, e.g.,* SAC § III ¶¶ 3-15 with § VI ¶¶ 1-9 and § VII ¶¶ 1-10. Nonetheless, more problematic and fatal to Engel's claim is that the SAC, § VII (WCPA claim), is devoid of anything more than threadbare recitals of the elements of a WCPA violation without any factual support. Specifically, no facts are alleged to support Engel's claims that the acts alleged impacted the public interest (element 3 of a viable WCPA claim) and caused Engel's alleged injuries (element 5 of a viable WCPA claim). Even more problematic for Engel is that the SAC does not name any of the moving Defendants comprising Homecomings when making his allegations regarding the WCPA.

Therefore, the Court grants Homecomings' motion to dismiss Engel's WCPA claim pursuant to Fed. R. Civ. P. 12(b)(6). *See Twombly*, 127 S. Ct. at 1964-65 (requiring more than threadbare recitals).

### 3.    Wrongful Foreclosure

Engel admits that foreclosure has only been "attempted" in this matter. Dkt. 71 at 4 ("The claims against ETS are founded upon improprieties in the *attempted* foreclosure sale.") (emphasis added). Engel has provided no case law to support bringing a wrongful foreclosure claim when no foreclosure has occurred. Instead, it appears Engel is lodging a wrongful initiation of foreclosure action.

However, "there is no case law supporting a claim for damages for the initiation of an allegedly wrongful foreclosure sale. Moreover, there is no statutory basis supporting a claim for damages for wrongful institution of foreclosure proceedings." *Krienke v. Chase Home Finance, LLC.*, 140 Wn. App. 1032, 5, 2007 WL 2713737 (Wn. App. Div. 2 2007)

(unpublished opinion); *see also Pfau v. Washington Mut., Inc.*, 2009 WL 484448 (E.D. WA, 2009) (same). The Court finds the *Krienke* and *Pfau* opinions persuasive on this issue and adopts their reasoning.

Absent a showing of an actual foreclosure, the remainder of Engel's claims on the wrongful foreclosure cause of action are premature. Nonetheless, the Court notes that even if a foreclosure had occurred in this matter, the allegations in the SAC are deficient and cannot sustain a claim for wrongful foreclosure. Engel has not alleged anything more than mere recitals that the requirements in RCW 61.24.030 (governing trustee's sales) have been violated. *See* SAC § ¶¶ 1-6. Indeed, sufficient facts are not alleged with respect to this claim. *See id.* ¶ 2; *see also* ¶ 3 (alleging that Homecomings violated other provisions of the Deed of Trust Act but failing to allege what those provisions are or how they were violated).

Further still, Engel takes issue with ETS's ability to institute the alleged wrongful foreclosure. But it is undisputed that First American Title Company is the named trustee in this matter (Dkt. 68, Ex. 3). To counter this fact, Engel maintains that Defendant ETS is misleading the court and that it is actually acting as the trustee in this matter. *See* Dkt. 71 at 11. However, the record plainly establishes that First American Title Company is the trustee and no facts have been alleged to establish a violation of the requirements of RCW 61.24.030 (setting out requirements for valid trustee sale). *See generally* SAC; *see also* Dkt. 68, Exs. 2 (assignment to First American Title Company); 3 (notice of trustee's sale).

Even if the claim that ETS is misleading the Court is true, Engel has failed to show how such a fact is sufficient to establish a wrongful foreclosure action, notwithstanding the fact that no such foreclosure has occurred. *See* Dkt. 72, Declaration of Melissa A. Huelsman (describing results of a Google search of the names that appear in some of the related documents pertaining to ETS).

ORDER - 9

Therefore, the Court grants Homecomings' motion to dismiss Engel's wrongful foreclosure action pursuant to Fed. R. Civ. P. 12(b)(6).

**C.      Conclusion**

Based on the foregoing, the Court dismisses Engel's claims against Nationstar, HF, GMAC, ETS, and Nationstar.

As of the date of this order, the following entities and persons remain as named Defendants in this action: KBC, Steven B. Rodgers, Jane Doe Rogers, Rogers & Associates, Washington International Insurance Company, doing Business as SAFECO Insurance Company. *See* SAC (Defendants named in caption to SAC).

## IV. ORDER

Therefore, it is hereby **ORDERED** that Nationstar's and Homecomings' motions to dismiss (Dkts. 54, 67) are **GRANTED**. Engel's claims against these parties are **DISMISSED WITH PREJUDICE**.

DATED this 30th day of September 2010.

BENJAMIN H. SETTLE
United States District Judge